KIERNAN *v.* CASEY *et al.*

(*Nashville.*    December Term, 1905.)

1.  **WILLS.** Probate of. Not necessary in case of foreign will, if executed according to Tennessee laws.

A devise of land in this State by a will executed, published and attested in a foreign country where the testator is domiciled but in accordance with the laws of Tennessee relating to wills of realty, is good without probate of the will, and such will may be introduced in evidence as a muniment of title.

Case cited and approved: Smith v. Neilson, 13 Lea, 461.

2.  **SAME.** Same. Act 1784, ch. 10. sec. 6, applies to domestic wills only.

Act of 1784, ch. 10, sec. 6, making the probate of wills in the county court sufficient evidence of the devise of real estate, and authorizing attested copies thereof to be given in evidence in the same manner as originals, applied alone to domestic wills.

Act cited and construed: 1784, ch. 10, sec. 6.

3.  **SAME.** Same. Code provisions as to wills of other States and Territories do not apply to wills of foreign countries.

The provisions of the Code relating to the probate and registration of wills executed in other States, or in any of the Territories, or in the District of Columbia, do not apply to a will executed by an alien citizen in a foreign government.

Code cited and construed: Secs. 3914, 3915, 3916 (S); 3022, 3023, 3024 (M. & V.); 2182, 2183, 2184 (1858).

4.  **SAME.** Same. Not regulated by Act of 1875, ch. 2.

The act of 1875, ch. 2, entitled, "An Act to enable aliens to acquire, hold and dispose of property, real or personal, as native citizens," does not regulate the probate of an alien's will.

Act cited and construed: 1875, ch. 2.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. — JOHN ALLISON, Chancellor.

K. T. MCCONNICO, JAS. A. RYAN and S. L. SINNOTT, for Kiernan.

T. G. KITTRELL, E. L. DOAK, GEO. N. TILLMAN, PRESTON VAUGHN and JNO. M. GAUT, for Casey et al.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

Rose Casey died about the 6th of July, 1897, a resident citizen of Longford county Ireland. Among other properties she was the owner of an undivided one-half interest in real estate in the city of Nashville, Tennessee. She made and published in Ireland her last will and testament, by which she gave to her daughter, Bridget Casey, one of the defendants in the present lawsuit, this property. The will was attested by two subscribing witnesses, and was in all respects executed, published, and attested in accordance with the laws of Tennessee relating to wills disposing of realty. The will was presented

to a superior court in Ireland of competent jurisdiction, and was proven by the subscribing witnesses to have been duly executed, and was there admitted to probate and letters testamentary were issued.

The bill in the present cause was filed by a daughter of the deceased against the devisee in the will and others, alleging that Rose Casey died intestate and that, as one of her heirs, she was entitled to a sale of this property for partition of the proceeds among the various parties interested, as it was incapable of being partitioned in kind. As against this claim of the complainant, Bridget Casey set up and relied upon the will in question. To establish the due execution of this will she relied upon the depositions of the two subscribing witnesses thereto, who testified distinctly to all the facts essential to the due execution of a will disposing of real property in this State as well as upon a copy of the will and its probate, duly authenticated (as we understand from the agreement filed in the cause) by the proper officer of the court where the probate was made. A number of questions argued before the chancellor and in the court of chancery appeals, which has recently considered the case, have been eliminated by the opinion of this latter court and by the agreement of parties, so that the only questions submitted for our consideration are as follows:

(a) Whether, under the laws of Tennessee, probate of said wills is necessary for their validity and operations.

(b)    If so, whether they have been probated in accordance with the laws of Tennessee.

We think the first of these questions has been conclusively answered by the case of *Smith* v. *Neilson,* 13 Lea, 461, and that the answer there made dispenses with any reply on our part to the second. In that case the will of William Smith, relied upon by the complainant, was executed by the testator in the State of South Carolina and proved and admitted to record in that State, but had never been proved, recorded, or registered in this State. One of the questions presented in the record was whether the will, in the condition above indicated, could be relied upon as a muniment title to land in this State, and it was held that it could. This court in disposing of the point in issue, said: "That it was the settled rule of English law, recognized by our courts as in force in this State, that a devise of land was in the nature of a conveyance and special appointment: that there was no provision in England until recently for the probate of wills of realty, and it was therefore necessary to establish such a will by proof whenever any question occurred in court involving its validity." In other words, a devise of land under this rule was good without probate of the will, and therefore a foreign will duly authenticated might be introduced in evidence as a muniment of title.

Provision, however, was made for the probate of wills of real and personal estate by chapter 10, section 6, of the Acts of 1784. This statute made the probate of wills in the county court sufficient evidence of the devise

of real estate, and authorized attested copies thereof to be given in evidence in the same manner as the originals. This act by its terms applied alone to domestic wills. Section 3914 of Shannon's Code (this being section 2182 of the Code of 1858) embodied the provisions of certain Session Acts passed in 1823, 1831, and 1842, which for the first time provided for wills executed outside of the State of Tennessee. This provision is as follows: "Wills executed in other States, or in any of the Territories, or in the District of Columbia, shall be proved according to the laws of this State and certified in the manner prescribed in the act of congress." The succeeding section, 3915 (2183 of the Code of 1858), provides that the copy of a will so certified shall be registered in the county where the land lies and a copy of the books of the register duly certified shall be evidence. Section 3916 (2184 of the Code of 1858) provides for presenting a duly authenticated copy of such will to the county court of any county in the State where the land devised was situated, and for an order to be made by such court that this copy should be recorded, and that when so done that it should have the same force and effect as if the original had been executed in this State.

Notwithstanding these provisions of the Code, yet it was held in *Smith* v. *Neilson,* supra, that a will executed in another State, as was the will in question, duly authenticated, could still be used, as at common law, as a muniment of title. It will be seen that these sections of the Code just quoted are confined in their operation

and effect to wills executed in other States, or in the Territories of the United States, or in the District of Columbia, and do not embrace a will executed by an alien citizen in a foreign government. Nor was any provision made for such disposition of real property in this State until chapter 2, p. 4, the Acts of 1875 was passed. Before the passage of this later act, while an alien could transmit property by sale or devise, subject to the power of escheat on the part of the State, he had no inheritable blood and could not transmit by inheritance. That act was passed, we think beyond question, simply to declare and make certain the right of aliens to acquire, hold, and transmit real estate. The title of the act is as follows: "An act to enable aliens to acquire, hold, and dispose of property, real or personal, as native citizens," and the provisions which follow are in strict keeping with this caption. It is evident from the title, as well as from the sections following and especially from section 3, that the only purpose of the act was to put an end to the peril that the alien's holding of property in this State was exposed to because of the sovereign right of escheat. Section 3 provides that those sections of the Code relating to escheat be repealed so far as they refer to aliens or the real estate of aliens. We do not think that it was in the contemplation of the legislature by the passage of this act to regulate the probate of an alien's will, and we think that an effort upon the part of the legislature to provide in express terms or by necessary implication for the probate of such a will would have made the act un-

constitutional, in that it would have embraced two subjects incongruous in their character.

So it is we have no statutory provision bearing on the subject of the introduction of such a will in a controversy arising upon a disposition of real estate made therein. The evidentiary character of the will is to be determined by the rule of the common law, and we are satisfied that in the present case, as in that of *Smith* v. *Neilson,* supra, the will of Rose Casey, being duly authenticated to the court below, the court of chancery appeals was right in regarding it as a perfect muniment of title in Bridget Casey. The decree of that court is therefore in all things affirmed.